# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BYRON T. BOYDEN**                                                                                       **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 1:19-cv-701-KS-RHW**

**NATIONAL FIRE INSURANCE COMPANY**
**OF HARTFORD and DEFENDANTS JOHN/JANE**
**DOE 1, 2, AND 3 and ENTITY DOE 1, 2, AND 3**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the Motion to Dismiss or, Alternatively, to Stay Proceedings [2] filed by Defendant, National Fire Insurance Company ("National Fire"). Plaintiff did not respond to the motion; thus, it is considered unopposed. Having reviewed the motion and the relevant legal authority and otherwise being fully advised in the premises, the Court finds the motion is well taken and will be granted.

This case involves a bad faith claim by Plaintiff against National Fire, the carrier of his employer's workers' compensation insurance. This claim arises out of Plaintiff's worker's compensation claim against his former employer BTB, Inc. and National Fire, which has been litigated since 2010 and is still pending. The claims in the case before this Court allege that National Fire committed a host of bad faith acts, from failing to timely process his claim initially to failure to pay benefits or provide reimbursement, to name a few. National Fire advises that these issues and claims are also a part of the active workers' compensation case that is pending before the Mississippi Workers Compensation Commission, MWCC Case No. 0903122.

The MWCC has exclusive jurisdiction over all injury claims arising from or related to the employer-employee relationship. *See* Miss. Code Ann. § 71-3-9. While an employee may sue the

carrier for bad faith refusal to pay benefits owed, the Mississippi Supreme Court has held that the exhaustion of the administrative remedial process is required before such a claim against a carrier can be brought. *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003) (citing *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001) (en banc)). "In *Walls*, the court held that an employee cannot allege that a carrier has refused to pay for certain medical services and supplies in bad faith in the absence of a determination by the Commission that those services and supplies were reasonable and necessary." *Id.* In *Whitehead*, a case directly on point, the Fifth Circuit held likewise. *Id.* at 481-82.[1] Accordingly, this Court must find that "the administrative remedial process is a mandatory condition precedent to the maintaining of a 'bad faith' suit for an allegedly wrongful denial of any workers['] compensation benefits." *Id.* at 481 (quoting *Walls*, 797 So. 2d at 975). Because the underlying claim with the MWCC is still pending, this case is premature.

Therefore, it is ORDERED that Defendant's Motion to Dismiss [2] is granted, and Plaintiff's claims are hereby dismissed without prejudice for his failure to exhaust his administrative remedies as required by Mississippi law.

SO ORDERED AND ADJUDGED this 21st day of January 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] In *Whitehead*, the Fifth Circuit affirmed the district court's dismissal without prejudice of a plaintiff's action for failure to exhaust administrative remedies.